# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

HUMPHREES, BY ETC. V. BOXLEY BROTHERS COMPANY.

November 18, 1926.

1. CHILD LABOR LAW—*Object of the Act—Workmen's Compensation Act—Infants.*—The principal object of the child labor law is the protection of the infant. He is also entitled to the equal protection of the law with adults, and if benefits and protection are afforded to adults by the workmen's compensation law, they should be extended to infants also whenever it can be done consistently with the language and spirit of such laws. The care and welfare of the infant should be carefully borne in mind in the interpretation of these statutes.

2. CHILD LABOR LAW—*Violation—Penalties.*—The child labor law (Code of 1924, sections 1808a-1808q) annexes penalties upon employers, parents, guardians, etc., for its violation. These penalties are the means provided by law for enforcement of obedience to the law. Prior to the enactment of the workmen's compensation act, if the child labor law was violated, there was no remedy against the wrongdoer except to enforce the penalties and a common law action by the injured party, aided by the provisions of section 5785 of the Code of 1919. This common law action was subject to all the common law defenses.

3. WORKMEN'S COMPENSATION ACT—*Infants Entitled to Benefits of Act.*—In 1918 the workmen's compensation act was passed, which, by express terms, included minors among the employees entitled to its benefits.

4. WORKMEN'S COMPENSATION ACT—*Nature of the Act—Compromise between Employer and Employee.*—The workmen's compensation act is said to be in the nature of a compromise between employer and employee to settle their differences arising out of personal injuries, but it is a compromise greatly to the advantage of the employee. By it the question of the negligence of the employer is eliminated, the common law doctrines of the assumption of risk, fellow servants, and contributory negligence are abolished, and the rules of evidence are laxly enforced—so laxly that an award may be made on hearsay evidence alone, if credible, and not contradicted. The relief afforded is fixed, certain and speedy, and at a time when most needed. Under it there is no doubt or uncertainty as to the right of recovery or the amount thereof. The damage resulting

from an accident is treated as a part of the expense of the business and to be borne as such, as much as the expense of repairing a piece of machinery which has broken down.

5. MASTER AND SERVANT—*Relation of Employer and Employee—Infants—Contracts.*—The relation of employer and employee can only exist by virtue of contract, express or implied. In the ordinary contract of hiring of an infant to an adult the contract, though binding upon the adult, is voidable by the infant, and he may either sue upon the contract, or repudiate the contract and recover upon a *quantum meruit,* but it is entirely within the power of the legislature to fix any age at which an infant may enter into a contract of a particular character.

6. WORKMEN'S COMPENSATION ACT—*Authority to Infant to Accept Benefits.*—The authority to an infant to accept the benefits of the workmen's compensation act renders the infant *sui juris* as to such acceptance, and the acceptance must be upon the terms prescribed by the act.

7. WORKMEN'S COMPENSATION ACT—*Exclusion of Other Remedies—Presumption of Acceptance—Infants.*—The Virginia workmen's compensation act gives to the employee who accepts its terms no choice of remedies for the injury he has sustained, for it expressly provides that the remedy afforded by the act "shall exclude all other rights and remedies of such employee," and the presumption of acceptance, in the absence of notice to the contrary, exists "equally in the case of *all minors*" regardless of age.

8. WORKMEN'S COMPENSATION ACT—*Liberal Construction of Act.*—The workmen's compensation act, although in derogation of the common law, is highly remedial, and should be liberally construed in favor of the workman. It is an effort on the part of the State to insure the workman to a limited extent against loss from accidents in his employment, to give him a speedy and expeditious remedy for his injury, and to place upon industry the burden of losses incident to its conduct.

9. WORKMEN'S COMPENSATION ACT—*Object of the Act—Construction—Benefit of the Workman.*—The defenses allowed to common law actions for injuries to workmen were unfair to the workmen, and such actions did not afford appropriate relief under modern economic conditions. The statute makes the injury to the workman a part of the loss sustained as incident to the conduct of the business, and to be charged to the business and borne by it as much as damage to machinery. These were the main considerations which led to the enactment of the compensation statutes. They were enacted chiefly for the benefit of the workman, awarding him compensation where previously none could be obtained, and their beneficent provisions should be extended to every class of workmen who can fairly be brought within them.

10. WORKMEN'S COMPENSATION ACT—*Change in Section 12 by Acts 1924, Page 478—Declaratory of the Law as it Stood—Lawful or Unlawful Employment of Infant.*—Section 12 of the workmen's compensation act was changed by Acts 1924, page 478. This change in language wrought no change in the existing law, but was merely declaratory thereof. The legislature, it must be assumed, was familiar with the difference in the interpretation put by different courts on other statutes of a similar nature, and intended to indicate how the Virginia statute should be interpreted. At all events, the legislature intended to make it plain that it was immaterial whether the employment of the infant was lawful or unlawful. In either event the infant was entitled to the benefits of the act. The remedy also expressly.given to the parents of the infant to recover for the loss of his services conferred no new right, but it was deemed best to provide expressly that the damages recovered therefor were to be in *addition to the compensation* recoverable under the act.

11. WORKMEN'S COMPENSATION ACT—*Child Labor Law—Infants Illegally Employed—Case at Bar.*—The new and additional liability imposed upon the employer by the workmen's compensation act is in aid of the child labor law, rather than opposed to it; infants, whether lawfully employed or not, are within the language and intent of the act, and the remedy afforded by the act is exclusive of all other remedies. Hence, in the instant case, the plaintiff could not maintain her common law action against the defendant to recover damages for personal injury to an infant employed contrary to law.

Error to a judgment of the Circuit Court of Alleghany county, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*R. B. Stephenson* and *Revercomb & Revercomb*, for the plaintiff in error.

*F. W. King*, for the defendant in error.

BURKS, J., delivered the opinion of the court.

This was a common law action by an infant against the defendant to recover damages for a personal

injury.    The declaration contained three counts.    The first count alleges that the plaintiff was an infant under the age of sixteen years, and the defendant employed him and put him to work without having first obtained the employment certificate required by law.    The second, that the defendant had employed the plaintiff and had suffered and permitted him to work in and about excavation and construction work contrary to law.    The third count averred that the defendant had placed the plaintiff in a position in which his life was endangered contrary to law.    There was a demurrer to the declaration and to each count thereof which the trial court sustained.    To that judgment a writ of error was awarded.

[1] The real question and the only one we have to decide is whether or not the right to bring this common law action is barred by the workmen's compensation act.    There are a number of cases, hereinafter more particularly mentioned, which hold that, unless there is a lawful contract of employment, the workmen's compensation act does not apply.    Owing to differences in the phraseology of the various compensation acts and the divergent views of the courts in the interpretation thereof, we have not gotten a great deal of assistance from the decisions in the other States.    The question is a difficult one, growing largely out of the effort to harmonize the child labor law with some of the provisions of the workmen's compensation law.    The principal object of the child labor law is the protection of the infant.    He is also entitled to the equal protection of the law with adults, and if benefits and protection are afforded to adults by the workmen's compensation law, they should be extended to infants also whenever it can be done consistently with the language and spirit of such laws.    The care and welfare

of the infant should be carefully borne in mind in the interpretation of these statutes.

[2] The chief child labor statute was enacted in 1914, and is found in the Code of 1919, section 1809 and following. It has been amended and other statutes for the protection of infants have been since enacted, from time to time. Code 1924, sections 1808a to 1808q; Acts 1922, page 855. These statutes forbid the employment of infants within certain ages in gainful occupations (with some exceptions), or within designated hours, except upon terms designated within the statutes, and annex penalties upon employers, parents, guardians, etc., for their violation. These penalties are the means provided by law for enforcement of obedience to the statutes. Prior to the enactment of the workmen's compensation act, if these statutes were violated, there was no remedy against the wrongdoer except to enforce the penalties and a common law action by the injured party, aided by the provisions of section 5785 of the Code. This common law action was subject to all the common law defenses.

[3, 4] In 1918 the workmen's compensation act was passed, which, by express terms, included minors among the employees entitled to its benefits. It is said to be in the nature of a compromise between employer and employee to settle their differences arising out of personal injuries, but it is a compromise greatly to the advantage of the employee. By it the question of the negligence of the employer is eliminated, the common law doctrines of the assumption of risk, fellow servants, and contributory negligence are abolished, and the rules of evidence are laxly enforced— so laxly that an award may be made on hearsay evidence alone, if credible, and not contradicted. The relief afforded is fixed, certain and speedy, and at a

time when most needed. Under it there is no doubt or uncertainty as to the right of recovery or the amount thereof. The damage resulting from an accident is treated as a part of the expense of the business and to be borne as such, as much as the expense of repairing a piece of machinery which has broken down.

In speaking of the compromise nature of such acts, it is said in *Steriz* v. *Industrial Ins. Commission,* 91 Wash. 588, 158 Pac. 256, Ann. Cas. 1918B, 354: "Both had suffered under the old system, the employers by heavy judgments, of which half was opposing lawyer's booty, the workmen through the old defenses or exhaustion in wasteful litigation. Both wanted peace. The master, in exchange for limited liability, was willing to pay on some claims in future, where in the past there had been no liability at all. The servant was willing not only to give up trial by jury, but to accept far less then he had often won in court; provided he was sure to get the small sum without having to fight for it. All agreed that the blood of the workman was the cost of production, that the industry should bear the charge. * * * To win only after litigation, to collect only after the employment of lawyers, to receive the sum only after months or years of delay, was to the comparatively indigent claimant little better than to get nothing. The workmen wanted a system entirely new. It is but fair to admit that they had become impatient with the courts of law. They knew, and both economists and progressive jurists were pointing out, what is now generally conceded, that two generations ought never to have suffered from the baleful judgments of Abinger and Shaw."

This is what was offered to all employees, "including a minor," in lieu of a common law action. Not only so, but it is also provided that all contracts of employ-

ment made subsequent to the act "shall be presumed to have been made subject to the provisions of this act" unless notice to the contrary shall be given before injury, and then this significant clause: "A like presumption shall exist equally in the case of all minors unless notice of the same character be given by or to the parent or guardian of the minor." The act further provides that the remedy given by the act "shall exclude all other rights and remedies of such employee," and that if he refuses to accept its provisions and they are accepted by the employer, the employee may have his common law action, but that the employer "may avail himself of the defenses of contributory negligence, negligence of a fellow servant, and assumption of risk, as such defenses exist at common law." Code 1924, sections 1887 (6), 1887 (12) and 1887 (17).

[5, 6] The relation of employer and employee can only exist by virtue of contract, express or implied. In the ordinary contract of hiring of an infant to an adult the contract, though binding upon the adult, is voidable by the infant, and he may either sue upon the contract, or repudiate the contract and recover upon a *quantum meruit,* but it is entirely within the power of the legislature to fix any age at which an infant may enter into a contract of a particular character. The authority to an infant to accept the benefits of the workmen's compensation act renders the infant *sui juris* as to such acceptance, and the acceptance must be upon the terms prescribed by the act.

[7] The Virginia act gives to the employee who accepts its terms no choice of remedies for the injury he has sustained, for it expressly provides that the remedy afforded by the act "shall exclude all other rights and remedies of such employee," and the pre-

sumption. of acceptance, in the absence of notice to the contrary, exists "equally in the case of *all minors*," regardless of age. The injury to the infant may, in many cases, be due to the contributory negligence of the infant, or the negligence of a fellow-servant, or to a risk assumed, any one of which would defeat recovery in a common law action, or he may not be able to prove the negligence of an employer, in all of which cases he could recover nothing in a common law action, and yet would be entitled to an award of compensation under the statute, if allowed to accept its benefits. Furthermore, in the instant case three years have elapsed since the injury was inflicted, and the infant is just where he was when the injury was sustained. Under these circumstances the infant should not be excluded from the benefits of the act unless the intent to exclude him is so manifest that no other conclusion could be reached.

When we come to the decided cases, it may be conceded that the weight of authority is apparently contrary to the views hereinbefore expressed. We say apparently, because many of the cases cited in support of the rule requiring a lawful contract of employment of the infant are controlled by the language of local statutes. For instances, in Illinois, Minnesota, Michigan and other States, the acts are limited to minors "who are legally permitted to work for hire under the laws of the State," or words to that effect.

In Kentucky, the statute, in terms, gives the infant an option to proceed either under the statute or at common law.

In New Jersey, Oklahoma, Pennsylvania, Tennessee and West Virginia, apparently a lawful contract of employment of the infant is required in order to put the infant under the compensation law, without any

special language in the statute so requiring. *Acklin Stamping Co.* v. *Kutz*, 98 Ohio St. 61, 120 N. E. 229, 14 A. L. R. 812 and notes; *West. U. Tel. Co.* v. *Ausbrooks*, 148 Tenn. 615, 275 S. W. 858, 33 A. L. R. 330, and notes; *Hetzel* v. *Wasson Piston Ring Co.*, 89 N. J. Law 201, 98A. 306, L. R. A. 1917D, 75, notes.

The last mentioned case fairly represents the position of the courts taking the view that there must be a lawful contract of employment of the infant to make the compensation act applicable to him. It is there said: "The workmen's compensation act [P. L. 1911, p. 134] declares that every contract of hiring made subsequently to the time of its going into effect shall be presumed to have been made with reference to the provisions of the act, and the parties to the contract shall be presumed to have accepted them, unless written notice to the contrary is given by one of the contracting parties to the .other; and that in the employment of minors the act shall be presumed to apply unless the written notice shall be given by or to his parent or guardian.

"It can hardly be doubted that the legislature, in providing for the ingrafting of these statutory provisions on contracts of hiring, had in mind contracts which were valid in law, or, at least, contracts the making of which was not prohibited by express legislative enactment; for it would be entirely unreasonable to attribute to the legislature the intention of adding terms to a contract of hiring which it had already prohibited the parties thereto from making.

"Was, then, the contract in the present case a valid one? A mere reference to chapter 64 of the laws of 1904 (Pamph. Laws p. 152) furnishes a complete answer to this query. This act regulates the age, employment, safety and work hours of persons em-

ployed in factories, workshops, mills and all places where the manufacture of goods of any kind is carried on, and its first section is that 'no child under the age of fourteen years shall be employed, allowed or permitted to work in any factory, workshop, mill or place where the manufacture of goods of any kind is carried on; any corporation, firm, individual, parent,' or guardian 'of any child who shall violate any of the provisions of this section shall be liable to a penalty of fifty dollars for each offense.'    The basis of the judgment below is that there was a contract of hiring by which the plaintiff became the employee of the defendant.    That there was such a contract, either express or implied, clearly appears from the facts set out in the complainant's complaint.    That the contract was in violation of this statute, and that the making thereof was absolutely prohibited thereby, cannot be questioned; for it would hardly do to say, as is suggested by counsel, that the employer and the parent of the minor can by joint agreement deprive the child of the protection of this statute by the payment of fifty dollars as a penalty for violation of its provisions. The purpose of the statute cannot be thwarted in any such way.    Its primary object is the protection of children who are too young to appreciate the dangers arising out of work in places such as those described in the act.    And, in order to make that protection complete, the legislature left no loophole for the escape from its provisions of either the employer or the parent.    It says to the employer: 'You shall not employ any child under the age of fourteen years in your factory; you shall not allow or permit him to work there.'    It says to the parent of such a child: 'You shall not allow or permit your boy or girl to work in such a place until he or she has reached the

age of fourteen years.' Having declared this absolute prohibition, how can it logically be said that the legislature, by a subsequent enactment, recognized the right of the factory owner and the parent to disregard the mandate of this statute, and make a contract for the employment of the boy which might or might not have read into it the provisions of the workmen's compensation act, as the master and the parent between them should elect?'' See also *Rock Island Coal Min. Co.* v. *Gilliam,* 89 Okla. 49, 213 Pac. 833; and cases and notes cited above in 14 A. L. R. 812 and 33 A. L. R. 330; *Stetz* v. *F. Mayer Boot and Shoe Co.,* 163 Wis. 151, 156 N. W. 971, Ann. Cas. 1918B, 675; *Mangus* v. *Proctor Eagle Coal Co.,* 87 W. Va. 718, 105 S. E. 909; 28 R. C. L. p. 766, sec. 61, and cases cited.

We are unable to concur in the reasoning of the New Jersey court, as much as we respect it. The opinion does not give the whole of the New Jersey statute, but the reasoning of the opinion would seem to indicate that it does not contain the provision of section 12 of the Virginia act, making the relief afforded by the act the sole and exclusive remedy for the employee. The legislature by extending the benefits of the act to all infants, whether legally employed or not, does not recognize the right of the factory owner and the parent to disregard the mandate of this statute and make a contract for the employment of the boy which might or might not have read into it the provisions of the workmen's compensation act, as the master and the parent between them should elect.'' On the contrary, it says to the employer, if you employ an infant contrary to the child labor law, not only shall you incur the penalty denounced by that statute, but in addition you shall waive all questions of your own negligence, and all common law defenses you may

have to an action for the injury, and pay to the infant the sums prescribed by the compensation act. These are matters directly for the benefit of the infant, in aid of the child labor law, and tend to prevent the employment of children in contravention of the child labor statute.

In *Kruczkowski* v. *Polonoia Pub. Co.*, 203 Mich. 211, 168 N. W. 932, where the compensation act is limited to infants "who are legally permitted to work for hire," it was said that the exclusion of other infants would, in the opinion of the court, have a tendency to discourage such illegal employment and be a benefit to the minor. We are at a loss to see how this could be true of an act manifestly in the interest of the employee.

The difference in the provisions of the compensation acts materially affects the construction placed upon them. Section 11 of the New York act (Consol. Laws, c. 67) is strikingly similar to section 12 of the Virginia act. The New York statute declares that " 'The liability of an employer' (prescribed by section 10 which required the employer to secure compensation for his employees) 'shall be exclusive and in place of any other liability whatsoever to such employee * * * at common law or otherwise on account of such injury.' "

Section 12 of the Virginia act declares that "the rights and remedies herein granted to an employee * * shall exclude all other rights and remedies of such employee * * at common law or otherwise on account of such injury."

The New York Court of Appeals, in *Noreen* v. *William Vogel & Bros.*, 231 N. Y. 317, 132 N. E. 102, a case quite similar to the instant case, construed section 11 of the New York act, and held that the

compensation act applied to an infant not lawfully employed, and in the course of the opinion said: "We also pointed out the beneficent purposes of the statute, the prompt, certain and inexpensive procedure thereunder, the avoidance of litigation, the expense and delay incident thereto, and the benefit of weekly compensation during incapacity to labor. The views thus expressed should be borne in mind in a consideration of the question under consideration in the present case.

"The defendant here, in compliance with the provisions of section 10 of the workmen's compensation law (Consol. Laws, c. 67) secured compensation to its employees. Having thus been brought within the statute, section 11 of the law provides that—

" 'The liability of an employer,' prescribed by section 10, 'shall be exclusive and in place of any other liability whatsoever to such employees, his personal representatives, husband, parents, dependents, or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise, on account of such injury.'

"In view of the explicit language of the statute quoted and the general policy of the legislature in the enactment of the same as pointed out in our former decisions, we are not willing to adopt the conclusions of the courts below.

"Irrespective of the fact that the plaintiff secured employment by misrepresentation as to his age, and that defendant omitted the exercise of due diligence to ascertain his age, when plaintiff entered upon the service of the defendant in consideration of a compensation to be paid him therefor, the relation of employer and employee existed between them. In the absence of the workmen's compensation law, the

plaintiff having been injured in such service, if he brought a common law action to recover damages for such injuries, would seek a recovery upon the ground that he was an employee, and as such entitled to assert the applicability of the rules of law relating to the duty imposed upon a master towards a servant. He could not be an employee and defendant an employer in said common law action and occupy a different position by reason of the existence of the workmen's compensation law. The method adopted by an individual to secure employment from an employer misled by the representations of the individual seeking service does not determine the relationship existing between such persons. When the employment is entered upon, the law determines the relations, rights, and remedies of the parties. Here the relation of employer and employee existed within the spirit and letter of the workmen's compensation law."

The State of Washington has a statute making it a misdemeanor for any employer to employ any female under sixteen years of age in certain designated occupations. It has another statute which contains the following provision (Rem. Comp. Stat. Wash. sec. 7673): "The common law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions. In practice it proves to be economically unwise and unfair. Its administration has produced the result that little of the cost of the employer has reached the workman and that little only at large expense to the public. The remedy of the workman has been uncertain, slow and inadequate. Injuries in such works, formerly occasional, have become frequent and inevitable. The welfare of the State depends upon its industries and even more upon the welfare

of its wage worker.   The State of Washington, therefore, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extra hazardous work, and their families and dependents are hereby provided for regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the State over such causes are hereby abolished except as in this act provided."

There is also another statute imposing additional penalties upon an employer who employs an infant below the minimum age fixed by the statute, unless she has a permit provided for by the statute.

In that case (*Rasi v. Howard Mfg. Co.*, 109 Wash. 524, 187 Pac. 327), a girl under sixteen years of age was employed in one of the prohibited occupations.   At the time of her employment, "she had no permit to work from a superior court judge of the county where she lived," as is required by law.   She brought a common law action to recover damages, but her action was dismissed; the court holding that "whether the child is employed either lawfully or unlawfully, such child is entitled to all the privileges of the workmen's compensation act, and must seek its remedies under the terms of that act."

[8] It has been said of the Virginia act that "the legislature intended to enact a complete statute, designed to supply an adequate remedy in every case which might arise under it."   *Richmond Cedar Works v. Harper,* 129 Va. 481, 706 S. E. 516.   That "it must always be remembered, however, that under these acts it is entirely unnecessary for the claimant to

show any negligence whatever on the part of the master, and the claimant's own negligence is also generally immaterial. The statute must be liberally construed to promote its beneficent purpose." *Farmers' Mfg. Co.* v. *Warfel,* 144 Va. 98, 131 S. E. 240; and that "the workmen's compensation act (Acts 1918, ch. 400, p. 637), although in derogation of the common law, is highly remedial, and should be liberally construed in favor of the workman. It is an effort on the part of the State to insure the workman to a limited extent against loss from accidents in his employment, to give him a speedy and expeditious remedy for his injury, and to place upon industry the burden of losses incident to its conduct. The compensation is furnished in weekly installments when most needed, promptly after the injury, and the immediate need of physicians and hospital services and supplies are furnished at the expense of the employer. Acts of this character have proved so beneficial that they have been adopted in nearly every State of the Union." *Gobble* v. *Clinch Valley L. Co.,* 141 Va. 303, 127 S. E. 175.

[9] The defenses allowed to common law actions for injuries for workmen were unfair to the workmen, and such actions did not afford appropriate relief under modern economic conditions. The statutes make the injury to the workman a part of the loss sustained as incident to the conduct of the business, and to be charged to the business and borne by it as much as damage to machinery. These were the main considerations which led to the enactment of the compensation statutes. They were enacted chiefly for the benefit of the workman, awarding him compensation where previously none could be obtained, and their beneficent provisions should be extended to every

class of workmen who can fairly be brought within them.

[10] Section 12 of the act as it existed at the time of the accident was changed by Acts 1924, page 478. The change, so far as applicable, is as follows: "And provided further that if the employee who has accepted the provisions of this act be an infant employed knowingly and wilfully in violation of law, nothing herein contained shall be construed to prevent the parents of such infant employee from maintaining an action at law for loss of service of said infant against his employer or other person who may be responsible therefor and recovering damages therefor *in addition to the compensation recoverable hereunder*. In all cases where an employer and employee have accepted the workmen's compensation act, as hereinbefore provided, any injury to a minor while employed contrary to the laws of this State shall be compensable under this act the same, and to the same extent, as if the said minor employee was an adult." (Italics supplied.)

The change in language, in our opinion, wrought no change in the existing law, but was merely declaratory thereof. The legislature, we must assume, was familiar with the difference in the interpretation put by different courts on other statutes of a similar nature, and intended to indicate how the Virginia statutes should be interpreted. At all events, the legislature intended to make it plain that it was immaterial whether the employment of the infant was lawful or unlawful. In either event the infant was entitled to the benefits of the act. The remedy also expressly given to the parents of the infant to recover for the loss of his services conferred no new right, but it was deemed best to provide expressly that the damages recovered therefor were to be in *addition to the compensation* recoverable under the act.

[11] We are of opinion that the new and additional liability imposed upon the employer by the workmen's compensation act is in aid of the child labor law, rather than opposed to it; that infants, whether lawfully employed or not, are within the language and intent of the act, and that the remedy afforded by the act is exclusive of all other remedies, and hence the plaintiff cannot maintain her common law action against the defendant.

*Standard Red Cedar Co.* v. *Monroe*, 125 Va. 442, 99 S. E. 589, and *Miller Mfg. Co.* v. *Loving*, 125 Va. 255, 99 S. E. 591, relied on by the plaintiff in error, were decided before the workmen's compensation act was enacted, and hence are not in point.

We find no error in the judgment of the trial court.

*Affirmed.*