## Richmond

ALICE R. GRIMES

v.

SHENANDOAH VALLEY PRESS, et al.

No. 1975-89-2

Decided June 18, 1991

COUNSEL

Jerry O. Talton, for appellant.

Ralph L. Whitt, Jr. (Sands, Anderson, Marks & Miller, on brief), for appellees.

OPINION

KEENAN, J.—Alice R. Grimes appeals from a decision in which the commission denied her compensation benefits, finding that she had materially misrepresented a pre-existing medical condition in her employment application. The issue presented in this appeal is whether credible evidence supports the commission's finding that Shenandoah Valley Press (employer) met its burden of proving a material misrepresentation. We find that credible evidence does not support the commission's finding that Grimes had a pre-existing back condition, as opposed to back pain resulting from kidney stones, bowel problems, and other medical concerns not related to her back. Therefore, we find that the employer failed to meet its burden of proving that its reliance on Grimes' misrepresentation resulted in her injury. Accordingly, we reverse the commission's decision.

Grimes worked for the employer as a "pocket feeder," a job which required her to lift stacks of paper weighing up to fifty pounds and to load them onto a feeder device for printing. She was injured while performing this work when she twisted her body with her leg wedged in place. Grimes testified that, when the incident occurred, she heard a pop and felt a sudden pain which radiated down her leg. A medical examination revealed that she had a bulge in the L5-S1 disc which was inoperable.

In her employment application, in November, 1988, Grimes answered "no" to the question: "Any backaches in the past three (3) months?" She also stated in the application that she had not been in the hospital for the last five years, except for the birth of a child. The testimony before the deputy commissioner, however, showed that within the three month period prior to her application, Grimes had been treated for back pain which occasionally included some radiation to her right or left side. The record indicates that these pains were caused by a kidney stone, as well as

bowel difficulties for which she was hospitalized and a laparoscopy was performed. The medical records showed no evidence of any lumbo-sacral condition or radiating leg pain before Grimes' industrial accident.

Marilyn Mobley, director of safety and health for the employer, testified that Grimes' job as a pocket feeder involved "grueling" work. She stated that Grimes would not have been hired if she had listed previous back pain on her employment application, and if another applicant, with no such history, had been available for employment.

■ On appellate review, the commission's findings of fact must be upheld when supported by credible evidence. *James v. Capitol Steel Constr. Co.*, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). This Court must construe the evidence in the light most favorable to the party prevailing below. *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). In the case before us, the employer contends that the evidence of Grimes' prior back pain constitutes credible evidence that she materially misrepresented her physical condition. It further contends that there is evidence that this misrepresentation induced reliance on its part, which resulted in the consequent injury. Thus, the employer argues that based on the evidence presented, Grimes' false representation regarding her back pain precluded her receipt of compensation benefits. We disagree.

■ A false representation on an employment application will operate to preclude compensation benefits upon proof by the employer that: (1) the employee knew that the representation was false; (2) the employer relied upon the false misrepresentation; (3) such reliance resulted in the consequent injury; and (4) there is a causal relationship between the injury in question and the false representation. *McDaniel v. Colonial Mechanical Corp.*, 3 Va. App. 408, 411-12, 350 S.E.2d 225, 227 (1986). In the case before us, credible evidence does not prove the existence of a causal relationship between Grimes' back injury and her false representations on her employment application. Although the evidence showed that Grimes had experienced prior back pain and was hospitalized during the three month period prior to her application, the evidence further showed that the cause of that pain was related to a kidney stone and bowel disorders. The record contains no evidence of a lumbo-sacral condition or injury prior to Grimes'

industrial accident. Further, the medical records contain no evidence relating her bulging disc to any cause other than her industrial accident.

In *McDaniel*, a panel of this Court affirmed a denial of benefits by the commission based on the employer's proof of a material misrepresentation by the employee. There, the employee had stated in his application to be a plumber's helper that he had no specific problems which would prevent him from performing any kind of work. The evidence showed, however, that he had been unable to work at several prior jobs because of persisting back pain which radiated into both legs. The industrial accident which he then suffered involved a muscle spasm, with pain in his middle back radiating into his right hip and leg. This Court affirmed the commission's denial of benefits because the evidence showed that the employee's industrial injury was in the same area of his back as his pre-existing injury. It concluded that this constituted credible evidence to support the finding of a causal relationship between the injury and the false information. *Id*. at 413-14, 350 S.E.2d at 228-29.

In contrast, in the case before us, no evidence established a causal connection between the injury and the false representation. Moreover, affirmative evidence established that other sources, namely a kidney stone and bowel disorders, caused Grimes' prior back pain. Further, the prior back pains which Grimes experienced did not radiate down her leg, as the pain did after her industrial accident. The fact that an employee has misrepresented in a job application the existence of pain does not bar recovery where, as here, that pain, and the misrepresentation thereof, is not proved by the employer to be causally connected to the consequent injury.

For the reasons stated, we find that the commission's denial of benefits to Grimes was unsupported by credible evidence. Accordingly, we reverse its decision and remand the case for entry of an award consistent with this opinion.

*Reversed and remanded.*

Baker, J., and Benton, J., concurred.