**Alexandria**

MANIS CONSTRUCTION COMPANY AND
SELECTIVE INSURANCE COMPANY

v.

MIGUEL ARELLANO

No. 0139-91-4

Decided November 19, 1991

COUNSEL

S. Vernon Priddy, III (Sands, Anderson, Marks & Miller, on brief), for appellant.

Lawrence J. Pascal (Ashcraft & Gerel, on brief), for appellee.

OPINION

BRAY, J.—Manis Construction Company and Selective Insurance Company (Manis) appeal, as a matter of right, from a decision of the Workers' Compensation Commission* (commission) awarding compensation benefits to Miguel Arellano (Arellano), an illegal alien. Manis contends that the commission erred in finding that Arellano had made a reasonable effort to market his remaining work capacity in the United States. We agree and reverse the decision of the commission. We hold that Arellano's pursuit of unlawful employment in this country is not an acceptable means of marketing his residual work capacity.

Arellano illegally entered the United States in 1973 and has since remained and worked here without proper documentation. After residing in Texas for approximately fifteen years, he travelled to Baltimore and contacted Juan Serna (Serna), a man reputed for hiring illegal aliens. Serna, then a subcontractor under Manis, the general contractor on a construction project, hired Arellano as a "carpenter's helper." On April 24, 1988, Arellano sustained a compensable injury.

Following a period of total disability, Arellano's physician released him for light duty. However, as an illegal alien, he was unable to complete employment applications, register with the Virginia Employment Commission or obtain lawful employment. He sought employment by asking "Hispanic persons if they knew

---

* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the Commission's decision was rendered in this case.

of anyone looking for workers." In August, 1989, Arellano, still an illegal alien, returned to Texas and was reemployed at his original job.

As a condition to benefits under the Virginia Workers' Compensation Act (the Act), a partially disabled employee must make a reasonable effort to market his remaining work capacity. *Washington Metropolitan Area Transit Authority v. Harrison*, 228 Va. 598, 601, 324 S.E.2d 654, 656 (1985); *National Linen Service v. McGuinn*, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989). In *National Linen Service*, we identified those considerations relevant to an analysis of this effort, including the "nature and extent of [the] employee's job search," his "intent in conducting" the search and other factors "affecting [an] employee's capacity to find suitable employment." 8 Va. App. at 272, 380 S.E.2d at 34.

The burden was on Arellano to prove that "[h]e made a reasonable effort to procure suitable work but [was] unable to market [his] remaining work capacity." *Great Atlantic & Pacific Tea Co. v. Bateman*, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). Findings of fact by the commission are conclusive and binding on an appellate court if supported by credible evidence; however, in this instance, we find, as a matter of law, that Arellano failed to meet this burden and is not entitled to benefits. *See* Code § 65.2-706 (formerly 65.1-98); *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983); *Tomko v. Michael's Plastering Co.*, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Pursuant to the Immigration Reform and Control Act of 1986 (IRCA), Arellano could not be lawfully employed and legally work in this country, absent a change in his status. 8 U.S.C. § 1324a; *see also* Code § 40.1-11.1.[1] Nevertheless, Arellano continued in his unlawful presence in the United States and pursued no lawful employment. Illegal employment is not an acceptable marketing of remaining work capacity.

In awarding Arellano benefits, the commission relied on its holding in *Francisco v. Formwork Services, Inc.*, 65 O.I.C. 232 (1986), that an employer unlawfully hiring an illegal alien may

---

[1] The Virginia statute was preempted by the enactment of the IRCA.

not "escape liability for injuries suffered in . . . employment" by asserting the illegal alien status as a defense to an otherwise valid claim and, thus, "benefit from its own illegal act." *Id.* at 234. However, *Francisco* is factually distinguishable from the instant case.

In *Francisco*, the claimant was a direct employee of the employer, had direct contact with the employer, was known personally to the employer and spoke "little English." Nevertheless, the employer never inquired into the employee's work eligibility in the United States. *Id.* at 233. Under those circumstances, the deputy commissioner found that the employer had hired the worker "at its own peril" and "may not now use" the "illegal status" as a defense to his claim. *Id.* at 234.

In contrast, Arellano was employed by Serna, a subcontractor of Manis, and Manis, though a statutory employer of Arellano, had no duty to inquire into the work eligibility of his subcontractor's employees. *See* 8 U.S.C. § 1324a(b); 8 C.F.R. § 274a.1; Code § 65.1-29 *et seq.* Moreover, Manis knew nothing of Arellano, personally or otherwise, and the record does not disclose other circumstances sufficient to attribute notice of Arellano's immigration status to Manis and estop this defense to Arellano's claim.

It is not Arellano's status as an illegal alien which excludes him from the benefits of the Act but, rather, his resulting inability to properly satisfy requirements imposed on every employee/claimant under Virginia law. We will not sanction a violation of one law by approving it as compliance with another.

For the foregoing reasons, the decision of the Workers' Compensation Commission is reversed.

*Reversed.*

Duff, J., and Moon, J., concurred.