COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Overton
Argued at Richmond, Virginia


PRINCE WILLIAM COUNTY SERVICE AUTHORITY
 AND AMERICAN & FOREIGN
 INSURANCE COMPANY
                                        OPINION BY
v.  Record No. 3100-96-4        JUDGE JAMES W. BENTON, JR.
                                        JULY 8, 1997
LORRAINE HARPER


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Benjamin J. Trichilo (Trichilo, Bancroft,
        McGavin, Horvath & Judkins, P.C., on briefs),
        for appellants.

        Lawrence A. Durkin (John K. Coleman; Slenker,
        Brandt, Jennings & Johnson, on brief), for
        appellee.


     Prince William County Service Authority appeals from a

ruling of the Workers' Compensation Commission granting Lorraine

Harper temporary total disability benefits from May 23, 1995

until July 23, 1995.  The Authority argues that Harper is not

entitled to workers' compensation benefits because she obtained

her employment through misrepresentation.  For the reasons that

follow, we affirm the commission's award.

                              I.

     The evidence proved that Harper was employed in 1993 by the

Authority as a waste water treatment plant operator.  On June 14,

1994, Harper slipped and fell and sustained a compensable injury.

 The commission approved the parties' memorandum of agreement and

awarded Harper temporary total disability benefits from June 28,

1994 through July 26, 1994 and from August 11, 1994 through August 14, 1994.

On February 15, 1995, Harper filed an application for a change in condition seeking compensation for lost wages for additional time periods, payment of lifetime medical costs, and payment of certain medical bills. On February 20, 1995, Harper was released to light duty work by her doctor. The next day, Harper resigned from her position at the Authority. Harper testified that she resigned because she believed that she could not physically perform her job.

Harper worked for Lane Construction Corporation from March 22, 1995 through May 23, 1995. Although Harper's employment required little physical activity, her doctor removed her from work as of May 23, 1995. Harper later moved her residence to another city and began seeing Dr. Wagner. Dr. Wagner kept Harper from work until July 24, 1995, when he released her to light duty.

The evidence also proved that when Harper applied for employment with the Authority on July 30, 1993, she was required to complete an application form. The form contained the following question: "Have you ever been convicted of a law violation, including moving traffic violations but excluding offenses committed before your eighteenth birthday which were finally adjudicated in a Juvenile Court or under a Youth Offender Law? You may omit traffic violations for which you paid $30 or

less."  In response to that question, Harper indicated, "no."
Above Harper's signature, the form contained the following
attestation:  "I hereby certify that this application is a
complete record and that all entries given are true and accurate
to the best of my knowledge.  I understand that any attempt to
practice deception or fraud in this application is grounds for
disqualification or dismissal."  The evidence proved that less
than a year before Harper filled out the employment application
she had been convicted in Pennsylvania for insurance fraud and
conspiracy to commit insurance fraud.  Harper testified that she
"wasn't sure if it was a misdemeanor or [a] felony."

Sherry Boyce, personnel director for the Authority,
testified that the fact that an applicant had a felony conviction
did not make the applicant automatically ineligible for
employment.  The Authority's policy required the personnel office
to consider other factors.  Thus, Boyce testified that they
"would get the information on the felony, . . . how long ago it
was, what it was, and make a determination from that."  However,
Boyce also testified that had Harper's convictions been reported
on her application, Harper would not have been hired by the
Authority.  Boyce further testified that Harper is not eligible
to be rehired because of the false response and that Harper would
have been dismissed if the Authority had discovered the
misrepresentation while Harper was still working at the
Authority.

The deputy commissioner found that on February 21, 1995, Harper unjustifiably refused light duty work offered by the employer. Thus, the deputy commissioner denied benefits for the period of February 21 through March 21, 1995. In ruling on the employer's defense of misrepresentation, the deputy commissioner found as follows:

> [Harper's] felony conviction would not have automatically resulted in the [Authority's] rejection of her employment application. The falsehood itself did not contribute to the nature of her injury, which would prevent benefits as in those cases where a claimant lied about her physical condition. . . . Her misrepresentation of her criminal record on her employment application would prevent her being rehired by the employer. However, because she was medically totally disabled from May 23, 1995 through July 23, 1995, her disability is due to her original injury, and not her misrepresentation on the employment application. For these reasons, temporary total disability benefits are awarded from May 23, 1995 through July 23, 1995. The fact that she is not eligible to be rehired is found to have no bearing on temporary total disability benefits when the medical evidence establishes total disability.

Upon the Authority's request for review, the commission ruled as follows:

> The [Authority] has not proven the causal relationship between [Harper's] injury and her misrepresentation. [Harper] did not misrepresent a prior injury as in McDaniel nor did her misrepresentation relate to a qualification for her position as in Richards and Balboa.

The commission, therefore, affirmed the decision of the deputy commissioner. This appeal followed.

- 4 -

II.

Stating the principles involving false representation on an employment application, this Court has ruled as follows:

> [A] false representation on an employment application will operate to preclude compensation benefits upon proof by the employer that: (1) the employee knew that the representation was false; (2) the employer relied upon the false []representation; (3) such reliance resulted in the consequent injury; and (4) there is a causal relationship between the injury in question and the false representation.

Grimes v. Shenandoah Valley Press, 12 Va. App. 665, 667, 406 S.E.2d 407, 409 (1991); see Billy v. Lopez, 17 Va. App. 1, 4, 434 S.E.2d 908, 910 (1993). The employer argues that it adequately proved a causal relationship between the misrepresentation and the injury. We disagree.

No evidence in the record proved that the misrepresentation, that Harper had not committed a crime, was causally related to Harper's injury. See id. at 5, 434 S.E.2d at 911 ("There is simply no evidence in the record that . . . [the misrepresentation, that the employee was a legal alien,] was in any way related to the consequent injury."); see also Grimes, 12 Va. App. at 668, 406 S.E.2d at 409 ("The fact that an employee has [made a] misrepresent[ation] in a job application . . . does not bar recovery where . . . the misrepresentation . . . is not proved by the employer to be causally connected to the consequent injury."); cf. McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986) ("'If material

misrepresentations <u>as to [the employee's] physical condition</u> are made by the prospective employee to the prospective employer and employment is afforded on the basis of misrepresentations to the detriment of the employer it is only right and just that compensation benefits be denied.'") (emphasis added) (citation omitted).

The employer relies on <u>Granados v. Windson Dev. Corp.</u>, 24 Va. App. 80, 480 S.E.2d 150 (1997), <u>reh'g en banc granted</u>, ___ Va. App. ___, ___ S.E.2d ___ (1997), for its assertion that it proved its misrepresentation defense. In <u>Granados</u>, a panel of this Court stated that a misrepresentation unrelated to the employee's health or physical condition is causally related if the employer shows that it "relied on [the] misrepresentation[] to [its] detriment by . . . employ[ing]" the employee. <u>Id.</u> at 87, 480 S.E.2d at 153. However, unlike in <u>Granados</u>, the misrepresentation in this case did not relate to a status legally required for Harper to be eligible for employment in the United States. Moreover, Harper's representation that she had no criminal record was not a material fact that formed the basis for the Authority's decision to hire Harper. Rather, the evidence proved that under the Authority's policy, an applicant's status as a convicted felon was not a bar from employment. Boyce, the employer's personnel director, testified that she would determine whether to hire the applicant based on "how long ago it was [committed], [and] what [kind of felony] it was." Boyce's

testimony that Harper would not have been hired had Harper answered the question truthfully is not sufficient evidence to establish a causal connection between the misrepresentation and the injury.  See Grimes, 12 Va. App. at 667-68, 406 S.E.2d at 409.  Thus, the narrow exception created in Granados does not apply.

Accordingly, we hold that the evidence failed to prove a causal connection between Harper's misrepresentation and her injury.  We affirm the commission's decision.

Affirmed.