COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


FALLS CHURCH CONSTRUCTION COMPANY
 AND WEST AMERICAN INSURANCE COMPANY
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1628-96-3    JUDGE ROSEMARIE ANNUNZIATA
                                         DECEMBER 3, 1996
ROBERT C. LAIDLER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Benjamin J. Trichilo (Trichilo, Bancroft,
          McGavin, Horvath & Judkins, P.C., on briefs),
          for appellants.

          Roger A. Ritchie (Roger Ritchie & Partners,
          P.L.C., on brief), for appellee.


     Employer, Falls Church Construction Company, and insurer,

West American Insurance Company (together referred to as

employer), appeal the commission's decision that claimant, Robert

C. Laidler, did not knowingly misrepresent his criminal status in

his employment application and that employer did not rely on

claimant's alleged misrepresentation.  For the reasons that

follow, we affirm.

     A false representation on a job application precludes

compensation where the employer proves, inter alia, that (1) the

employee knowingly made a false representation; and (2) the

employer relied on the false representation and, thereby,

provided the employment from which the injury in question

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

results.  See, e.g., Grimes v. Shenandoah Valley Press, 12 Va. App. 665, 667, 406 S.E.2d 407, 409 (1991).  On review, we construe the evidence in the light most favorable to the party prevailing below and will uphold the commission's findings of fact if credible evidence supports them.  Id.  In the present case, we find that the evidence fails to support the commission's finding that claimant did not misrepresent his criminal status.  However, we find that the record supports the commission's finding that employer did not rely on the misrepresentation and, therefore, affirm.

In June 1992, claimant completed a job application responding, inter alia, that he had never been "charged or convicted of a felony or any crime."  Claimant signed the application, thereby warranting that his answers were "complete and true, with the understanding that . . . false answers or concealment of material information shall be grounds for discharge."  Claimant worked from June 2, 1992 until July 27, 1992, when employer terminated him because of absenteeism.

In May 1993, employer rehired claimant.  Pursuant to company policy, claimant submitted another, identical job application. On the second application, claimant failed to respond, inter alia, to the question concerning his prior criminal record. Rather than having claimant complete the second application, employer's human resources representative, Beverly Spalding, referred to the information claimant had provided in his initial

application.  Spalding assumed claimant's answer concerning his prior criminal offenses remained the same, reasoning that claimant had verified his current answers to be "complete and true" with the knowledge that concealment of material information was grounds for discharge.  Spalding also noted that the answers which claimant had provided remained unchanged.

In July 1993, claimant suffered a compensable injury by accident.  Pursuant to agreement by the parties, the commission entered an award of temporary total disability benefits for two periods during the Summer and Fall of 1993.  Subsequently, claimant filed a claim for benefits, seeking reinstatement of temporary total disability benefits.  In the Spring of 1994, claimant responded to employer's interrogatories, stating that he had been convicted of breaking and entering in 1978 and had served two years of probation.  Employer defended the claim for benefits on the ground that claimant had made a material misrepresentation on his job application with respect to his prior criminal record.

A hearing was conducted in January 1995 at which Spalding testified concerning employer's hiring policy.  She stated that, because employer often worked on government projects, it wanted to know the criminal records of its employees and to be informed truthfully of the information requested in the application. Spalding testified that employer would not have hired claimant had he represented his criminal record completely and truthfully,

and that employer would have fired claimant had it learned the truth while claimant was still employed. Claimant admitted that the representation on the initial application was, in fact, untrue. However, he testified that the charge against him had been reduced to unlawful entry and that he thought the offense was a misdemeanor at the time he completed the application.

The commission found claimant had misrepresented his criminal status on the initial application. However, it found that claimant made no misrepresentation on the second application, because he made no representation at all. Furthermore, the commission found employer did not rely on the alleged misinformation because it failed to have claimant complete the application.

There is no dispute that claimant affirmatively misrepresented his criminal status in his initial application. On his second application, claimant failed to answer the question concerning his criminal record. However, claimant signed the application, verifying that it was "complete and true" and knowing that concealment of material information was grounds for discharge. The commission's finding that "claimant made no misrepresentation on [the] second application regarding his criminal status, because he made no representation at all," is a clear misstatement of the law. See, e.g., Metrocall of Delaware v. Continental Cellular, 246 Va. 365, 374, 437 S.E.2d 189, 193 (1993) ("Concealment of a fact that is material to the

- 4 -

transaction, knowing that the other party is acting on the assumption that no such fact exists, is as much fraud as if existence of the fact were expressly denied").  We find that the evidence in its entirety compels the conclusion that claimant knowingly misrepresented the truth about his criminal status on the second application.

However, the record supports the commission's finding that employer failed to rely on claimant's misrepresentation.  We will not disturb the commission's implicit credibility finding that the testimony of employer's witness, stating that employer relied on the absence of an affirmative response to the question concerning criminal status in hiring claimant, was unbelievable.  Moreover, employer's acts support the commission's finding.  The two applications were filled out nearly a year apart.  Employer's reliance on claimant's answers on his first application to fill in the blanks he left on the second application provided employer no information concerning events which may have transpired since claimant completed the first application.  Employer's failure to have claimant fill in that gap supports the commission's finding that it did not rely on the absence of information in hiring claimant.

Accordingly, the decision of the commission is affirmed.

<u>Affirmed.</u>