**Richmond**

ROY MCDANIEL

v.

COLONIAL MECHANICAL CORP., et al.

No. 0194-86-2

Decided November 5, 1986

COUNSEL

Steven Vieira, for appellant.

S. Vernon Priddy, III (Sands, Anderson, Marks & Miller, on brief) for appellee Colonial Mechanical Corp.

Julia Judkins (Steven W. Bancroft, on brief) for appellee Dubin & Associates.

OPINION

HODGES, J.—In this appeal we determine whether the evidence was sufficient to support the Industrial Commission's denial of compensation and medical benefits to Roy McDaniel, the appellant, based upon the employer's affirmative defense that claimant made an admitted false statement in his application for employment. We hold that it was and affirm.

McDaniel sustained a work-related injury to his lower back and left ankle on October 9, 1984 while employed by appellee, Dubin and Associates. He received medical treatment from the date of injury until December 5, 1984 from Doctors Robert White and James H. Masterson, orthopedists. Dr. White released McDaniel to return to work on November 19, 1984 without restriction. McDaniel continued to complain of discomfort and, after an examination on December 5, 1984, Dr. Masterson noted that the sciatic

low back pain was not completely resolved although no objective findings or physical limitations precluded McDaniel's return to his pre-injury employment.

McDaniel received compensation from the date of injury through November 18, 1984. He filed an application with the Commission seeking an extension of compensation to December 5, 1984, which was denied on February 25, 1985.

Dubin terminated McDaniel's employment during the pendency of his claim for extended compensation and, on January 10, 1985, he filed an employment application with Colonial for a position as a plumber's helper. In the application with Colonial, McDaniel answered negatively questions which asked if he had any physical handicaps which would prevent him from performing any specific kinds of work and if he had ever received compensation for injuries. Additionally, he failed to list Dubin among his former employers.

On January 18, 1985, McDaniel was examined and treated at Richmond Orthopedic Clinic, Ltd. for his October injury. He stated to the attending physician that he had been unable to work at several jobs because of persisting low back pain which radiated into both legs. After he began employment with Colonial on January 21, 1985, he returned to the clinic on February 4, 1985 complaining of discomfort, but failed to appear for an epidural steroid injection and bone scan recommended by his physician.

On April 23, 1985, McDaniel suffered a back injury while lifting a manhole cover in the course of his employment with Colonial. He was initially treated on April 24, 1985 by Dr. Charles E. Brehmer whose diagnosis was lumbar paraspinous muscle spasm. Dr. Brehmer told McDaniel that he could return to light duty on May 6, 1985 and should return for further examination on May 10, 1985. On the follow-up visit the doctor found no improvement and referred McDaniel to Dr. Kenneth I. Kiluk, a neurological surgeon. McDaniel continued to complain of pain in his middle back radiating into his right hip and leg. Dr. Kiluk's examination revealed no evidence of nerve root irritation, and he prescribed drugs and physical therapy. McDaniel was informed that he could return to work on July 8, 1985. He attempted to work but had to stop because of the pain.

On July 3, 1985, McDaniel was examined and treated by Dr. R. Kirk Reed, a chiropractic physician. For the first time, he revealed his October, 1984 injury to the treating physician. This was made known to the insurance carrier and Colonial, and his workers' compensation benefits and employment were subsequently terminated.

McDaniel then filed a petition with the Commission seeking reinstatement of his benefits. Colonial defended on the grounds that McDaniel's injury was from the October 9, 1984 accident and, even if he suffered injuries on April 23, 1985, while employed by Colonial he should be barred from receiving benefits because he falsified his employment application. Based on the circumstances and Colonial's defense, the deputy commissioner ordered that Dubin, McDaniel's previous employer, be made a party. Dubin defended on the ground that the injury was new and totally attributable to the April accident while McDaniel was employed by Colonial.

The deputy commissioner found that there was no evidence in the medical records to attribute McDaniel's condition to anything but the April 23 accident sustained while he was employed by Colonial. However, the deputy commissioner also found that McDaniel was precluded from receiving benefits due to his fraudulent procurement of employment with Colonial. McDaniel appealed to the full Commission as to both employers, and the Commission affirmed the deputy commissioner's findings. McDaniel then appealed the decision to this Court, but raised questions related only to the finding of disqualification for benefits. Inasmuch as he has raised no questions as to any liability on the part of Dubin, the Commission's opinion dismissing them is final.

The question, therefore, is whether McDaniel forfeited his rights to workers' compensation benefits when he falsified his employment application with Colonial. While neither this Court nor the Supreme Court has addressed this issue, the Commission adopted what constitutes the majority view in this country. A false representation as to physical condition or health made by an employee in procuring employment will preclude workers' compensation benefits for an otherwise compensable injury if a causal relationship between the injury and the false representation is shown and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representa-

tion, and (3) such reliance resulted in the consequent injury to the employee. *Strong v. Shore Drive Convalescent Home, Inc.,* 60 O.I.C. 432 (1981); *Hawkins v. Lane Co.,* 49 O.I.C. 144 (1967); *see also* 1C A.Larson, *The Law of Workmen's Compensation* § 47.53 (1986).

There is no question that McDaniel knew the misrepresentation was false. He testified that he withheld the truth because he thought Dubin would give an unfavorable reference which would deny him employment. The vice-president of Colonial testified that he relied upon the information in the application and would not have hired McDaniel if he had known of his October, 1984 injury. Certainly, if Colonial had not hired McDaniel, he would not have been injured on its job site on April 23, 1985.

The dispositive issue is whether there was a causal relationship between the injury and the false information. McDaniel argues that because the Commission found that his disability resulted from a new injury sustained in the accident on April 23, 1985, Colonial is precluded from establishing a causal relationship between the injury and the fraudulent information furnished in the application. McDaniel overlooks the fact that the Commission also found in the same opinion that Colonial "has established by a preponderance of the evidence all the elements of this defense (fraudulent representation) to the employee's claim."

In this instance it could be argued that the Commission made inconsistent findings in the same opinion. However, we are restricted to the issues raised by McDaniel and he appeals only as to Colonial. If the Commission's findings are based on credible evidence, we are bound just as much by one of their findings as another and since only the question of the sufficiency of the evidence to support the defense of false representation is before us, we are restricted to that issue.

McDaniel argues that the causal connection between the injuries must be proven by expert medical testimony. We find that there was sufficient evidence to establish the causal connection and adopt the language of the Supreme Court of Tennessee in *Beasley v. United States Fidelity & Guaranty Co.,* 699 S.W.2d 143 (Tenn. 1985) where it said:

This testimony need not, however, be in direct response to an examination of an expert concerning the causal relation, but rather it need only be some expert testimony elicited in the course of proof as to the nature of the pre-existing injury and the claimant's current injury such as to allow an inference of a causal connection.

*Id.* at 146.

■ It is clear from the medical evidence and McDaniel's testimony that the October, 1984 and April, 1985 injuries were in the same area of his back. On October 5, 1984, Dr. White said McDaniel had right sciatic low back pain. On January 18, 1985, the Richmond Orthopedic Clinic, Ltd. reported he had low back pain originating in the low back and radiating to the posterior buttocks of both legs. The treating physician for the April, 1985 injury cited the same findings and Dr. Reed, the chiropractor who examined McDaniel in July, 1985, said:

In consultation, patient complained of moderate to severe low back pain radiating into the right leg. Patient stated pain comes and goes, sometimes slightly into the left leg, and is severe enough to have affected his performance on the job, his sleep and his daily routine. He stated pain resulted hours after lifting a manhole cover while at work for the Colonial Mechanic Corporation. Patient also stated he had a previous on-the-job injury while he was working for a company in Arlington, Virginia in October, 1984. At that time, similar symptoms of low back pain radiating into the right leg were also present . . . .

At the hearing McDaniel was asked:

Q. Were you, in fact, disabled at the time that you went to work at Colonial Mechanical?

A. Yes sir. There wasn't nothing wrong side of the pain but I had daily problems.

On cross-examination he reiterated that his back was bothering him when he applied for employment at Colonial and that he continued to receive medical treatment for the October, 1984 injury while his application was under consideration and after he was

employed. He also testified that both accidents injured the same area of his back although the discomfort was more severe from the later injury.

> Under the Virginia Workmen's Compensation Law, the employer takes the employee as he is and if the employee is suffering some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of such accident. Under such circumstances, there is compelling reason for the employer to ascertain the physical condition of the prospective employee before entering into the employment contract. If material misrepresentations as to his physical condition are made by the prospective employee to the prospective employer and employment is afforded on the basis of misrepresentations to the detriment of the employer it is only right and just that compensation benefits be denied.

*Hawkins v. Lane Co.*, 49 O.I.C. at 147.

Under the facts and circumstances of this case, we find that there was sufficient credible evidence to support the findings of the Commission and we affirm.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.