COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Elder
Argued at Richmond, Virginia


E. I. DUPONT DE NEMOURS & COMPANY
                                        MEMORANDUM OPINION* BY
v.         Record No. 0059-96-2      JUDGE JERE M. H. WILLIS, JR.
                                            JUNE 25, 1996
FREDERICK JACKSON MIZE, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Wood W. Lay (Hunton & Williams, on briefs),
            for appellant.

            Peter McIntosh (Michie, Hamlett, Lowry,
            Rasmussen & Tweel, P.C., on brief), for
            appellee.


     E. I. DuPont De Nemours & Co. (DuPont) appeals from a

decision of the Virginia Workers' Compensation Commission

awarding compensation to Frederick Jackson Mize.  DuPont contends

that the commission erred (1) in finding that Mize's present

disability is related to his November 7, 1993 injury by accident

and (2) in finding as a matter of law that the "two causes rule"

supports DuPont's liability.  We find no error and affirm the

judgment of the commission.

     Mize worked as a spinning machine operator at DuPont's

Martinsville, Virginia plant.  On November 7, 1993, he was

injured when the flex back of the chair in which he was sitting

broke, throwing him to the floor.  He landed on his head, neck,

and right shoulder.

------------------------------------------------------------

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On October 28, 1993, prior to his injury, Mize had been diagnosed with moderate degenerative disc disease by Dr. Michael G. Wenkstern, who had prescribed physical therapy and recommended that Mize limit his activities "according to symptoms." Mize performed his regular job until November 7, 1993.

On November 9, Mize returned to Dr. Wenkstern and has continued under Dr. Wenkstern's care. Dr. Wenkstern has consistently diagnosed a cervical strain superimposed on the degenerative disc disease. Mize is also being treated by Dr. David L. Kelly, Jr., a neurosurgeon. On January 16, 1995, in response to a question by Mize's counsel, Dr. Kelly stated that "he understood the claimant had problems that preexisted his work accident, but that these were aggravated by the fall." He went on to state, "I believe that his symptoms between March and August [1994] are primarily related to his injury of November 7."

At DuPont's request, Mize was examined by Dr. Powledge, a specialist in occupational medicine. On October 17, 1994, Dr. Powledge reported that he believed Mize was exaggerating his symptoms. Dr. Powledge also reviewed Dr. Wenkstern's medical records and reported that, in his opinion, the records suggested that Mize "had reached his pre-injury status."

The deputy commissioner held that Mize sustained a compensable injury by accident when he fell out of the chair at work and awarded him medical benefits. However, the deputy commissioner held that Mize had not met his burden of proving by

a preponderance of the evidence that his current symptoms were causally related to his compensable injury by accident.

The full commission reversed the holding of the deputy commissioner, finding that Mize had proved that his current disability was causally related to his compensable injury by accident. The commission based its finding on the medical evidence, consisting of the opinions of Mize's treating physicians, Dr. Wenkstern and Dr. Kelly, as well as Mize's own testimony.

The commission's findings of fact will not be disturbed on appeal when supported by credible evidence. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). Credible evidence supports the commission's finding that Mize's current disability is causally related to his injury by accident. "'[T]he employer takes the employee as he is and if the employee is suffering some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of the accident.'" Kemp v. Tidewater Kiewit, 7 Va. App. 360, 363, 373 S.E.2d 725, 726 (1988) (quoting McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986) (citation omitted)). "'When an injury sustained in an industrial accident accelerates or aggravates a preexisting condition . . . disability resulting therefrom is compensable under the Workers' Compensation Act.'" Id. (quoting Ohio Valley Construction Co. v. Jackson, 230 Va. 56, 58, 334 S.E.2d 554, 555

(1985) (citations omitted)).

The commission based DuPont's liability for Mize's current condition on the "two causes" rule. "Under the 'two causes' rule if a disability has two causes, one related to employment and one unrelated, benefits are allowed." Shelton v. Ennis Business Forms, Inc., 1 Va. App. 53, 55, 334 S.E.2d 297, 299 (1985) (citation omitted). We cannot say as a matter of law that the commission erred in applying the "two causes" rule. The evidence clearly shows that Mize's current disabling condition is the result of a compensable cause, the compensable injury by accident, and a non-compensable cause, the pre-existing degenerative disc disease. Both Dr. Wenkstern and Dr. Kelly opined that Mize's current condition was an aggravation of his degenerative disc disease caused by the November 7, 1993 injury by accident.

The judgment of the commission is affirmed.

Affirmed.