COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

NEW RIVER CASTINGS
AND
ARGONAUT INSURANCE COMPANY

v.   Record No. 1027-96-3

KEVIN C. HURST
                                        MEMORANDUM OPINION[*]
AND                                         PER CURIAM
                                         NOVEMBER 12, 1996
KEVIN C. HURST

v.   Record No. 1149-96-3

NEW RIVER CASTINGS
AND
ARGONAUT INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (J. Gorman Rosenberger, Jr.; Wilson, Garbee &
                Rosenberger, on briefs), for New River
                Castings and Argonaut Insurance Company.

                (Deborah W. Dobbins; Gilmer, Sadler, Ingram,
                Sutherland & Hutton, on briefs), for Kevin C.
                Hurst.


     New River Castings and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission ("commission") erred in finding that Kevin C. Hurst

("claimant") proved (1) he sustained a sudden mechanical change

in his body as the result of an identifiable work-related

incident on September 26, 1994; (2) a causal connection existed

between his right scapula condition and the September 26, 1994

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

work-related incident; and (3) he remained on light-duty status as a result of the September 26, 1994 work-related incident. (Record No. 1027-96-3). Claimant contends that the commission erred in finding that he failed to prove he made a good faith effort to market his residual work capacity after March 17, 1995. (Record No. 1149-96-3). Upon reviewing the record and the briefs of the parties, we find that these appeals are without merit. Accordingly, we summarily affirm the commission's decision as to all issues raised by the parties.[1] Rule 5A:27.

### Injury by Accident   (Record No. 1027-96-3)

On September 26, 1994, claimant had been working for employer as a "knock-out" laborer for three weeks. On that date, he was using a sledgehammer to knock iron risers off spindles. At a particular point in time, he hit the riser with the hammer and felt a severe pain in the right middle portion of his back. Claimant was not physically able to continue working and immediately sought medical treatment at the first aid station. David Daily, the first aid attendant on duty, testified that claimant told him "he was working at the knock-out job and he was hammering castings, degating castings. And when he swung the hammer down he felt a pain and he came over to first aid to get

---

[1]Claimant filed a motion to remand for consideration of after-discovered evidence. The evidence submitted by claimant with the motion relates to a charge of discrimination claimant filed with the Equal Opportunity Commission against employer under the Americans with Disabilities Act. Because this evidence does not contain any information relevant or material to the issues on appeal, we deny claimant's motion.

treated for that."  On October 4, 1994, Dr. Matthew Skewes diagnosed claimant as suffering from back pain and spasms related to the September 26, 1994 work-related incident.  Dr. Skewes noted that claimant "thinks pulled muscle swinging - sledge hammer."[2]

"In order to carry his burden of proving 'an injury by accident,' a claimant must prove that the <u>cause</u> of his injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>."  <u>Morris v. Morris</u>, 238 Va. 578, 598, 385 S.E.2d 858, 865 (1989).  On appeal, factual findings made by the commission will be upheld when supported by credible evidence. <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The commission held that "claimant's uncontradicted testimony, corroborated by the testimony of the emergency medical technician, supports the finding of a sudden, identifiable incident contemporaneous with a mechanical change in the body which resulted in injury on September 26, 1996 [sic]."  In so ruling, the commission found as follows:

> The claimant's uncontradicted testimony clearly identified a particular moment when he was swinging the sledgehammer that he felt

---

[2]Several years before the September 1994 accident, claimant underwent kidney surgery in the same area where he felt the sudden pain on September 26, 1994.  Dr. Sinclair Ross Mackay opined that preexisting weakness in this area caused by the surgery made claimant more prone to straining his right flank area.

3

> pain, followed almost immediately by swelling in the right flank muscles.
>
> It is of no moment that the claimant had a muscular deficiency from prior surgery. The employer takes the employee with all his pre-disposing weaknesses and infirmities. Thus, the employer is liable for the effects of the industrial accident that aggravates or otherwise contributes to a preexisting condition or other weakness to produce further injury.

Claimant's uncontradicted testimony, corroborated by the history taken by Daily and Dr. Skewes, constitutes credible evidence to support the commission's finding that claimant experienced an identifiable incident on September 26, 1994 resulting in a sudden mechanical or structural change in his right flank area.

### Causation (Record No. 1027-96-3)

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

Drs. Skewes and Mackay acknowledged that claimant's right flank pain developed at a particular point in time when claimant swung the sledgehammer on September 26, 1994. This testimony, along with claimant's testimony that he had never felt this particular pain before, constitutes credible evidence to support

4

the commission's finding that claimant established the requisite causal connection between the accident and the injury. The opinions of Drs. Mackay and Rollin J. Hawley that the claimant's injury was a reasonably expected result of claimant using already weakened muscles for three weeks is of no consequence. "[T]he employer takes the employee as he is and if the employee is suffering some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of such accident." McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986).

### Light-Duty Status  (Record No. 1027-96-3)

Drs. Mackay and Hawley opined that claimant could not return to his heavy manual labor job with employer. On October 24, 1994, after claimant's unsuccessful attempt to return to his pre-injury work, Dr. Skewes restricted claimant to light-duty, from which claimant has not been released. In his deposition testimony, Dr. Skewes opined that if claimant had not sustained the September 26, 1994 accident, he would have been able to continue working without restriction. This testimony provides credible evidence to support the commission's finding that claimant remained on light-duty status. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Marketing   (Record No. 1149-96-3)

"In determining whether a claimant has made a reasonable effort to market his remaining work capacity, we view the evidence in the light most favorable to . . . the prevailing party before the commission . . . ." National Linen Serv. v. McGuinn, 8 Va. App. 267, 270, 380 S.E.2d 31, 32 (1989).  A claimant still has the burden of proving his entitlement to benefits, and to do so he must prove that he made a reasonable effort to procure suitable work but was unable to market his remaining work capacity.  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 100 (1987).  Unless we can say as a matter of law that claimant's evidence was sufficient to sustain his burden of proof, the commission's finding is binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

 Employer provided claimant with light-duty work from October 15, 1994 through March 17, 1995.  When this light work ended, claimant, a high school graduate with two years of community college, did not begin looking for work for approximately one month.  On April 12, 1995, he began working part-time at a convenience store, earning $139.29 per week.  Claimant's pre-injury average weekly wage was $518.27.  Claimant refused the store's offer of full-time employment because his attorney advised him to reject it and because he attended school three hours per day.  Claimant made no other effort to find work.

Viewing this record in the light most favorable to employer, and in light of the factors enumerated in McGuinn, we cannot find as a matter of law that claimant's evidence proved he made a good faith effort to market his residual work capacity after March 17, 1995. Accordingly, the commission did not err in refusing to award claimant compensation after March 17, 1995.

For the reasons stated, we affirm the commission's decision.

Affirmed.