COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

STONE CONTAINER CORPORATION

v.   Record No. 1861-96-3

EVELYN M. CLARK

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 4, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> (Martha White Medley; Daniel, Vaughan,
> Medley & Smitherman, on brief), for
> appellant.

> (Charles W. O'Donnell, on brief), for
> appellee.


Stone Container Corporation (employer) contends that the Workers' Compensation Commission (commission) erred in finding that (1) Evelyn M. Clark (claimant) sustained an injury by accident arising out of and in the course of her employment on April 3, 1995; and (2) claimant's back condition and resulting disability were causally related to the April 3, 1995 injury by accident.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In order to carry [her] burden of proving an 'injury by accident,' a claimant must prove that the cause of [her] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

Claimant testified, that on April 3, 1995 while in the course of her employment, she lifted a twenty pound bundle of folded cardboard boxes onto an adjacent fifty-eight inch stack and felt a "pulling sensation" in her lower back and left leg. Claimant's testimony, which is not inconsistent with the histories of her accident as recorded in the medical records, provides credible evidence to support the commission's finding that she proved an injury by accident arising out of and in the course of her employment on April 3, 1995.  Accordingly, this finding is conclusive upon us.

## II.

"The employer takes the employee as [she] is and if the employee is suffering from some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of such accident."  McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986).

The commission awarded claimant temporary total disability

2

benefits, holding that her April 3, 1995 injury by accident materially aggravated a preexisting condition. In so ruling, the commission found as follows:

> The claimant reported her injury to her supervisor, Gravely, on the night it occurred. She sought medical treatment during the early morning hours of April 4, 1995, and gave a history of injuring her back at work. Although the claimant admits a prior history of back problems stemming from a 1991 injury, we find it significant that she had received no medical treatment for this condition since April 1993. Additionally, she had missed no time from work due to her back condition during 1993, 1994, and the first three months of 1995 preceding her accident. Dr. [Richard L.] Rauck, who has extensively treated the claimant, reported that the accident of April 3, 1995, aggravated her preexisting condition causing it to become symptomatic.

We must uphold the commission's findings of fact if they are supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). The determination of causation is a factual finding. Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). Moreover, "[q]uestions raised by conflicting medical opinion must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept Dr. Rauck's opinion regarding causation. The commission was also entitled to reject the contrary opinion of Dr. Thomas Wagner, who examined claimant at employer's request. Dr. Rauck's opinion, as well as the

3

medical records and claimant's testimony, constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.