COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


VIRGINIA GUNITE, INC.
AND
VIRGINIA CONTRACTORS GROUP                MEMORANDUM OPINION[*]
 SELF-INSURANCE ASSOCIATION                   PER CURIAM
                                            APRIL 22, 1997
v.    Record No. 2852-96-4

ROBERT WHITE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Roger L. Williams; Vasiliki Moudilos;
              Williams & Lynch, on brief), for appellants.

              (Craig A. Brown; Ashcraft & Gerel, on brief),
              for appellee.


     Virginia Gunite, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission (commission) erred in finding that (1)

Robert White proved he sustained an injury by accident arising

out of and in the course of his employment on May 15, 1995; and

(2) White proved that his post-May 15, 1995 medical treatment

and disability were causally related to the May 15, 1995 injury

by accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So viewed, the evidence proved that on May 15, 1995, White felt a pop in his back as he and two co-workers lifted a compressor to hook it onto a truck's trailer hitch.  Immediately after the incident, White reported the injury to his foreman, Wayne Purdy. Purdy told White to sit in a vehicle.

Purdy denied that White lifted a compressor on May 15, 1995, stating that the compressors were already connected to the trucks.  Purdy initially stated that White did not report an injury on May 15, 1995.  However, on cross-examination, Purdy admitted that on May 16, 1995, he told Gary H. Rudd, president of the company, that White told him that he had hurt his back.

The May 16, 1995 Potomac Hospital nursing assessment reported that White "lifted a compressor [at] 6pm yesterday – felt his back pul[l]."  Dr. Joseph M. Ceballos reported a history of "pain in the lower back after [White] lifted a compressor at work."  Dr. Ceballos diagnosed an acute strain of the lumbosacral joint.

On May 20, 1995, Dr. John A. Bruno, Jr. reported that White told him that he strained his back lifting heavy objects on May 12.  White complained of "severe back pain and spasm with radiation of the pain to the legs."  Dr. Bruno reported that White "has a severe spondylolisthesis."  Dr. Bruno referred White to Dr. Mirza S. Baig, an orthopedic surgeon.

2

On May 24, 1995, Dr. Baig reported that White felt pain in the lumbar region on May 15, 1995 while lifting and pulling a compressor. Dr. Baig noted that White described a sudden onset of symptoms while lifting the compressor to hook it to a truck. White complained to Dr. Baig of pain radiating into his legs. Dr. Baig noted that White was experiencing "weakness in the upper and lower extremities." Dr. Baig diagnosed L4-5 spondylolysis with spondylolisthesis causing spinal stenosis. Dr. Baig referred White to Dr. Ian Gordon.

On August 29, 1995, Dr. Gordon noted a history of White injuring his back while lifting a heavy compressor in May 1995. Dr. Gordon noted that White complained of marked right sciatica and suffered from numbness in his foot and hip and weakness in his leg. Dr. Gordon diagnosed L5 radiculitis and recommended various treatment alternatives.

## I. Injury By Accident

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). The commission found that White sustained an injury by accident on May 15, 1995 while lifting the compressor.

White's testimony, which was corroborated by the histories

3

contained in the medical records of Potomac Hospital and Drs. Bruno, Baig, and Gordon, provides credible evidence to support the commission's finding that White sustained an injury by accident arising out of and in the course of his employment on May 15, 1995. Thus, that finding is conclusive on this appeal. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Employer argues that the commission erred in reversing the deputy commissioner's credibility determination. We disagree. If, as in this case, "the deputy commissioner's determination of credibility is based on the substance of the testimony rather than upon the witness's demeanor, such a finding is as determinable by the full commission as by the deputy." Kroger Co. v. Morris, 14 Va. App. 233, 236, 415 S.E.2d 879, 880 (1992). The deputy commissioner's credibility determination was based on the evidence and the substance of the witnesses' testimony. Therefore, the full commission could make its own credibility determination. Id. In its role as fact finder, the commission was entitled to accept White's testimony.

## II. Causation

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). Furthermore, "the employer takes the employee as he is and if the employee is

4

suffering some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of such accident." McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986).

Dr. Bruno's records proved that White suffered from severe spondylolisthesis without a significant degree of neurological deficit shortly before the May 15, 1995 accident. Dr. Baig testified that after the May 15, 1995 accident, White, who was neurologically intact before the accident, suffered from weakness in his left calf, and weakness in his hip muscles and quadriceps muscles on both sides. Dr. Baig noted that White also had some sensitivity loss in both legs. Dr. Baig opined that "the neurological deficit that I checked out on May 23, 1995, was caused by the compressor injury." Dr. Baig further opined that the May 15, 1995 accident aggravated White's preexisting condition, causing total disability from work. Dr. Baig based this opinion upon the fact that White was able to engage in heavy labor before the May 15, 1995 incident, as well as the objective neurological findings which were not present before May 15, 1995. Dr. Baig was aware of White's significant preexisting back problems. Dr. Baig's medical records and uncontradicted opinions provide credible evidence to support the commission's finding that White's treatment and disability are related to the May 15, 1995 injury by accident.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>