COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

TIDEWATER CONSTRUCTION CORPORATION

MEMORANDUM OPINION[*]

v.    Record No. 1415-97-2               PER CURIAM
                                       OCTOBER 7, 1997

CARLTON BURNEY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Henry P. Bouffard; Vandeventer, Black,
Meredith & Martin, on brief), for appellant.

(Laura Ann McDonald, on brief), for appellee.

Tidewater Construction Corporation (employer) contends that the Workers' Compensation Commission erred in finding that Carlton Burney's post-September 1995 disability was causally related to his October 30, 1992 compensable left ankle injury. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

In awarding Burney compensation benefits, the commission found as follows:

> Based on this medical evidence, we find that [Burney] has sufficiently proved a causal connection between the industrial injury and his persistent disabling condition. No physician has contradicted Dr. [Earl] White's September, 1994 opinion that [Burney's] injury aggravated his arthritis and caused continuing symptoms. There is no evidence of complaints prior to the work accident. We therefore find [Burney] has remained partially disabled as a result of the industrial injury.

Dr. White's September 13, 1994 opinion and medical records provide credible evidence to support the commission's findings. Therefore, those findings are binding and conclusive upon us on appeal. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Moreover, "'the employer takes the employee as he is and if the employee is suffering some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of such accident.'" McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986) (citation omitted).

We also note that employer's reliance upon Dr. Richard Holden's April 10, 1995 examination and subsequent findings is misplaced. Dr. Holden did not render any opinion on April 10,

2

1995 with respect to the cause of Burney's continuing symptoms and disability.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>