COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


VIRGINIA COMMONWEALTH TEXTILES AND
 AMERICAN MOTORISTS INSURANCE COMPANY
                                        MEMORANDUM OPINION[*]
v.   Record No. 1671-98-2                  PER CURIAM
                                        DECEMBER 8, 1998
MICHAEL METZ


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (William W. Nexsen; J. Derek Turrietta;
          Stackhouse, Smith & Nexsen, on brief), for
          appellants.

          (Christopher C. Booberg; Geoffrey McDonald
          and Associates, on brief), for appellee.


     Virginia Commonwealth Textiles and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission ("commission") erred in finding that Michael Metz

proved that he sustained an injury by accident arising out of and

in the course of his employment, which caused an aggravation of

his pre-existing right shoulder condition.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

     So viewed, the evidence proved that on the evening of April

---

          [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

24, 1997, Metz was working for employer as a criller.  That job required that Metz hang spools of yarn and run the yarn through threading machines.  Metz was required to work in a three and one-half foot area with his arms raised overhead.  Metz, who is six feet four inches tall, estimated that the spools weighed two to five pounds and that the hooks upon which he had to place the spools were eight and one-half to nine feet off the ground.

Metz injured his right shoulder while performing his work duties.  He described the incident as follows:

> I was hanging yarn up on the machines and after I hung the yarn I come back around to pull the yarn over the bars to run it through the machine, and at the time I was pulling the yarn my shoulder started to fall out of place and I pulled down on the yarn the rest of the way and it did fall out of place.

Metz further explained that as he was putting the yarn on the spool, he felt "a lot of pain, you know, separation" in his arm.  He stated that his "arm started turning purple and everything, it was just like a big pain at once."  Metz suffered a dislocated shoulder as a result of the incident.

Metz immediately reported the injury to his supervisor and sought treatment that night at a hospital.  The emergency room physician recorded a history of "lifting a 5 pound object when [Metz] felt a popping sensation in his right shoulder.  Apparently it dislocated.  He was able to gently manipulate it back into position."

Metz sought follow-up treatment from Dr. Loel Z. Payne, an

orthopedic surgeon, and reported to Dr. Payne the incident that caused the injury. Dr. Payne noted that Metz had sustained two previous injuries to his right shoulder, one in 1993 and one in 1995. However, Dr. Payne noted that the April 24, 1997 injury was the first time Metz had dislocated his right shoulder since 1995. Dr. Payne diagnosed "recurrent right shoulder instability with dislocation." He also opined that "the work injury on 4/24/97 was a recurrence of shoulder instability that was a preexisting condition. The numbness in the arm both before and after the accident are related to the instability. This was not a new injury, but rather an exacerbation of a preexisting condition." Dr. Payne performed surgery on Metz's right shoulder.

Based upon this record, the commission found that Metz proved that he sustained an injury by accident arising out of and in the course of his employment. The commission also found that Metz's pre-existing shoulder condition was aggravated by the work accident, and, therefore, employer was responsible for medical expenses and disability causally related to the exacerbation.

### Injury by Accident

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385

- 3 -

S.E.2d 858, 865 (1989).

> "An accident may be said to arise out of and in the course of the employment if the exertion producing the accident is too great for the man undertaking the work, even though the degree of the exertion is usual and ordinary and 'the workman had some predisposing weakness.' . . . 'The question is not whether it would affect the ordinary man, but whether it affected the [employee.]'"

Russell Loungewear v. Gray, 2 Va. App. 90, 94, 341 S.E.2d 824, 826 (1986) (citations omitted)).

Metz's testimony established that when he lifted the spool of yarn over his head and pulled on the yarn, he dislocated his right shoulder. Metz's testimony and the medical records provide credible evidence to support the commission's finding that the aggravation of his right shoulder condition was caused by an identifiable incident that resulted in an obvious sudden mechanical or structural change in his body. Thus, that finding is conclusive on this appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Metz's "evidence proved that the '"causative danger . . . had its origin in a risk connected with the employment, and . . . flowed from that source as a rational consequence."' That the activity was usual, and did not require exertion, and that the injury was not 'foreseen or expected' are irrelevant." Grove v. Allied Signal, Inc., 15 Va. App. 17, 22, 421 S.E.2d 32, 35 (1992) (citation omitted).

## II.  Causation/Disability

"'[T]he employer takes the employee as he is and if the employee is suffering some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of such accident.'"  McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986) (citation omitted).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

Dr. Payne opined that the April 24, 1997 work-related injury caused an exacerbation of Metz's right shoulder condition.  Dr. Payne's medical records and opinions provide credible evidence from which the commission could reasonably infer that Metz's pre-existing right shoulder condition was aggravated by the April 24, 1997 work-related injury.  Thus, that finding is conclusive in this appeal.  See James, 8 Va. App. at 515, 382 S.E.2d at 488.

For these reasons, we affirm the commission's decision.

Affirmed.