COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


SCHMIDT BAKING COMPANY, INCORPORATED
AND
LUMBERMEN'S MUTUAL CASUALTY COMPANY
                                        MEMORANDUM OPINION*
v.    Record No. 2202-99-2                  PER CURIAM
                                         JANUARY 27, 2000
ALBERT W. EDWARDS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Andrew R. Blair, on briefs), for appellants.

            (Gregory O. Harbison; Geoffrey R. McDonald &
            Associates, P.C., on brief), for appellee.


      Schmidt Baking Company, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Albert W.

Edwards's left knee replacement surgery was causally related to

his May 28, 1996 compensable injury by accident.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

      On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

_____

      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In holding employer responsible for Edwards's left knee replacement surgery, the commission found as follows:

> At the March 1999 hearing, [Edwards] testified that prior to the accident of February 1996 he had no problems with his left knee. There is no contrary evidence of record.
>
> *       *       *       *       *       *       *
>
> Dr. [Michael B.] O'Brien . . . states in his December 1998 letter that the May 1996 injury "primarily exacerbated [Edwards's] underlying DJD [degenerative joint disease]." This exacerbation had not resolved and, in fact, now requires knee replacement surgery. Dr. O'Brien's statement is uncontroverted. The Commission has no reason to disagree with the treating physician's assessment of [Edwards's] condition.

Dr. O'Brien's December 1998 letter, coupled with Edwards's testimony, provides credible evidence to support the commission's findings. Therefore, those findings are binding and conclusive upon us on appeal. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35

- 2 -

(1991). Moreover, "'the employer takes the employee as he is and if the employee is suffering some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of such accident.'" McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986) (citation omitted). Based upon Dr. O'Brien's letter and Edwards's testimony, the commission, as fact finder, was entitled to infer that Edwards's May 28, 1996 compensable accident aggravated his underlying DJD, thereby causing the need for the left knee replacement surgery. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.