COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


INDUSTRIAL AIR CONDITIONING &
 REFRIGERATION AND
 NETHERLANDS INSURANCE COMPANY

                                        MEMORANDUM OPINION*
v.    Record No. 1028-00-2                  PER CURIAM
                                        SEPTEMBER 26, 2000
GLENN E. TIMBERLAKE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Cecil H. Creasey, Jr.; Patsy L. Mundy;
              Sands, Anderson, Marks & Miller, on brief),
              for appellants.

              (Ruth E. Nathanson; Maloney, Parks, Clarke &
              Nathanson, P.C., on brief), for appellee.


     Industrial Air Conditioning & Refrigeration and its insurer

(hereinafter referred to as "employer") contend that the

Workers' Compensation Commission erred in finding that Glenn E.

Timberlake proved that (1) his disability and medical treatment

were causally related to his March 10, 1999 compensable injury

by accident; and (2) he had not been released to light-duty work

as of March 17, 1999, and, therefore, did not have a duty to

market his residual work capacity.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

                              I.

    On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

not be disturbed on appeal if there is credible evidence to

support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App.

684, 688, 376 S.E.2d 814, 817 (1989).

    The commission ruled that "[a]lthough the medical record

reveals that [Timberlake] had a pre-existing back condition,

initiated by a December 1997 work injury, we find that [he]

proved he suffered a new injury by accident on March 10, 1999,

and that this injury caused his resulting disability and need

for medical treatment."  In so ruling, the commission found as

follows:

> [Timberlake] testified to a new injury
> by accident in which he felt a sharp pain in
> his back while lifting a piece of pipe.  He
> described pain from this incident as
> completely different from any previous aches
> or soreness for which he had been
> periodically treating with Dr. [Steven W.]
> Melhorn.  There is no evidence that
> [Timberlake] had persistent or unrelenting
> symptoms as a result of his prior accident,
> and [he] has testified to only periodic
> flare-ups of tightness in his back which was
> treated with manipulation and no medication.
> The evidence also does not establish that
> [he] suffered lost time from work because of

                              -

this condition prior to his industrial accident.

Dr. Melhorn's records show that [Timberlake] was doing very well with his back during the two-day period between his last visit with the doctor and his work accident. Dr. Melhorn opined that [Timberlake] suffered an acute strain/sprain and herniated disc in the March 10, 1999, accident. Although Dr. [Benjamin R.] Allen[, Jr.] could not state the "precipitating medical event" causing [Timberlake's] condition, this does not contradict Dr. Melhorn's opinion that [Timberlake] suffered an acute injury on March 10, 1999, when he ruptured a disc lifting a pipe.

The commission's factual findings are supported by credible evidence, including Timberlake's testimony and Dr. Melhorn's reports and uncontradicted opinions. Therefore, those findings are binding and conclusive upon us on appeal. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Moreover, "'the employer takes the employee as he is and if the employee is suffering some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of such accident.'" McDaniel v. Colonial Mechanical Corp., 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986) (citation omitted).

-

II.

Contrary to employer's argument, no evidence in the record established that Timberlake was capable of performing light-duty work as of March 17, 1999.  Neither Dr. Melhorn nor Dr. Allen had released Timberlake to return to work as of that date. Evidence showing that Timberlake fished for fifteen minutes and cut his grass for ten minutes with a riding lawn mower did not prove that he was capable of performing light-duty work.  In fact, Timberlake's undisputed testimony revealed that he had to stop fishing because his leg started to go numb and he had to stop cutting the grass after ten minutes because it irritated his leg.  Moreover, Timberlake underwent back surgery on March 30, 1999, after which Dr. Allen indicated that Timberlake was totally incapacitated from work until July 19, 1999.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>